# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALEXANDRIA METCALF,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0304**  (BOR Appeal No. 2049805)
(Claim No. 2014035968)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alexandria Metcalf, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 4, 2015, in which the Board reversed a September 12, 2014, Order of the Workers' Compensation Office of Judges, and reinstated a June 16, 2014, claims administrator's decision. In its Order, the Office of Judges reversed the claims administrator's June 16, 2014, decision rejecting Ms. Metcalf's claim for workers' compensation benefits, and the Office of Judges held the claim compensable for an annular tear and a disc protrusion at L5-S1. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Metcalf alleges that she injured her lower back on June 1, 2014, while maneuvering a morbidly obese patient. Approximately one month prior to the alleged injury, Ms. Metcalf underwent x-rays of her cervical spine, lumbar spine, and pelvis. The radiology report indicated that she had a clinical history of neck, back, and pelvic pain. The results of the study were normal; however, it was indicated that an MRI or bone scan may be appropriate if she continued to experience unexplained pain. Two days after the alleged injury, on June 3, 2014, a lumbar

1

spine MRI was performed and revealed accentuated lumbar lordosis, an annular tear, and a disc protrusion at L5-S1. On June 6, 2014, Ms. Metcalf presented at Camden Clark Medical Center's emergency department. The emergency department treatment records list her chief complaint as back pain without an injury and she was diagnosed with lower back pain with a herniated L5-S1 disc per the results of the June 3, 2014, MRI.

On June 11, 2014, Ms. Metcalf participated in a recorded interview conducted by Angela Ballucci, a claims adjustor for the claims administrator. Ms. Metcalf stated that she injured her back on June 1, 2014, and further stated that she "assumes" the injury occurred while assisting an obese patient. She also stated that she has a prior history of lower back pain for which she has received chiropractic care. On June 16, 2014, the claims administrator rejected Ms. Metcalf's application for workers' compensation benefits.

A return-to-work form issued by MedExpress on June 22, 2014, lists Ms. Metcalf's diagnosis as lower back pain and does not list a date of injury. Ms. Metcalf's chiropractor, Robert Akers, D.C., authored a letter on June 30, 2014, stating that he has treated Ms. Metcalf for neck and back pain, among other complaints, since November 11, 2009. Dr. Akers further indicated that he has not treated her for a disc injury or any radicular symptoms.

Finally, Ms. Metcalf testified in a hearing before the Office of Judges on August 22, 2014. She testified that after sustaining a lower back injury on June 1, 2014, she telephoned her primary care physician the following morning and was then scheduled for the MRI which was performed on June 3, 2014. She further testified that her primary care provider has treated her for lower back pain in the past, which she has experienced occasionally. Ms. Metcalf then went on to state that she underwent a micro-lumbar discectomy on August 12, 2014, which was paid through her private insurance carrier.

In its Order reversing the June 16, 2014, claims administrator's decision, the Office of Judges held that Ms. Metcalf has demonstrated that she sustained an annular tear and a disc protrusion at L5-S1 in the course of and resulting from her employment on June 1, 2014. In reaching its decision, the Office of Judges relied upon Ms. Metcalf's testimony and concluded that her testimony establishes that the most likely cause of the annular tear and disc protrusion revealed via MRI was the act of her maneuvering an obese patient on June 1, 2014.

The Board of Review reversed the decision of the Office of Judges and reinstated the June 16, 2014, claims administrator's decision rejecting the claim. In its decision, the Board of Review noted that Ms. Metcalf had a history of lower back pain prior to the alleged injury, with an MRI recommended for further evaluation of her pain prior to the alleged date of injury. Further, the Board of Review found that there is no medical report of record causally connecting the June 3, 2014, MRI findings with an injury that occurred in the course of Ms. Metcalf's employment.

We agree with the reasoning and conclusions of the Board of Review. None of the medical evidence of record causally links the conditions revealed via MRI to an injury that occurred in the course of and resulting from Ms. Metcalf's employment. Further, we note that on

2

appeal, Ms. Metcalf has requested that this Court issue an award of punitive damages. However, awards of punitive damages are not available in claims for workers' compensation benefits, as all awards in workers' compensation claims are solely statutory in nature. *See Jones v. Appalachian Electric Power Company*, 145 W.Va. 478, 488, 115 S.E.2d 129, 134 (1960).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3